# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL ADAMS,** <br> **NATALIE ADAMS,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **BANK OF AMERICA, N.A.,** <br><br> **Defendant.** | Case No. _____ <br><br> (Removed from the Circuit Court of Jefferson County, Alabama; Case No. 68-CV-2015-900668) |

## NOTICE OF REMOVAL

Defendant Bank of America, N.A. ("Bank of America"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, gives notice of the removal of this action from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division. As grounds for this removal, Bank of America states as follows:

## PROCEDURAL BACKGROUND

1. On September 20, 2015, Michael and Natalie Adams ("Plaintiffs") filed a Complaint against Bank of America in the Circuit Court of Jefferson County, Alabama, Case No. 68-CV-2015-900668.

2. In accordance with 28 U.S.C. § 1446(a), a complete copy of the state court file is attached hereto as **Exhibit A**.

1

3. In their Complaint, Plaintiffs brought suit against Defendants for alleged violations of the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et. seq.* and Federal Reserve Board Regulation Z, 12 C.F.R. § 226; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et. seq.*; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et. seq.*; and the Fair Debt Collection Practices Act ("FDCPA"), 15. U.S.C. § 1692, *et. seq.* These claims arise out of federal law.

4. Bank of America was served with the Complaint on October 15, 2015.

5. This removal is timely pursuant to 28 U.S.C. § 1446(b), which provides, in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

6. This case is properly removable pursuant to 28 U.S.C. § 1441(a), which provides, in pertinent part, as follows:

> Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

7. As shown herein, this case is properly removable based on federal question jurisdiction.

**FEDERAL QUESTION JURISDICTION**

8. This Court has jurisdiction over all civil actions arising under the laws of the United States in accordance with 28 U.S.C. § 1331.

9. "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). In order to determine whether a complaint "arises under" federal law, a court must examine the "well pleaded" allegations of the complaint. *Id*. A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his or her own cause of action shows that it is based upon federal law or the Constitution. *Id*. Accordingly, a case is generally removable if "a federal question appears on the face of the plaintiff's well-pleaded complaint". *See Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011).

10. As set forth above, Plaintiffs allege specific violations of TILA and Regulation Z, RESPA, FCRA, and FDCPA. Thus, Plaintiffs allege explicit federal claims under multiple federal statutes, with causes of action that arise under federal law.

11. Accordingly, this case is removable pursuant to 28 U.S.C. § 1441(a).

12. To the extent Plaintiffs' Complaint alleges state law claims, this Court has supplemental jurisdiction over such claims because they are so related to Plaintiffs' federal claims that they form part of the same case or controversy. *See* 28 U.S.C. § 1367.

## **ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED**

13. In addition to adequately demonstrating that federal question jurisdiction exists, Bank of America has satisfied all other requirements for removal.

14. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

15. Bank of America has not previously removed this action.

16. This removal is timely pursuant to 28 U.S.C. §1446(b).

17. Removal at the present time will not result in any prejudice to Plaintiffs as the matter is in the initial pleading stage and no discovery has occurred.

18. Venue for removal is proper in this district and division under 28 U.S.C. §§ 81(a)(3) and 1446(a) because this District and Division embrace the Circuit Court of Jefferson County, Alabama, the forum in which the removed action was pending.

19. A copy of this notice is being filed with the Clerk of the Circuit Court of Jefferson County, Alabama, as provided under 28 U.S.C. § 1446(d). Bank of America is also giving prompt written notice to the Plaintiffs of the filing of this Notice of Removal.

20. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Bank of America's rights to assert any defense or affirmative matter, whether pursuant to Fed. R. Civ. P. 8(c), Fed. R. Civ. P. 12(b), or otherwise.

Bank of America requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted,

*/s/* J. Jackson Hill, IV
Brian A. Wahl
J. Jackson Hill, IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
bwahl@babc.com
jhill@babc.com
ATTORNEYS FOR BANK OF AMERICA, N.A.

## **CERTIFICATE OF SERVICE**

     I hereby certify that on October 22, 2015, I served a copy of the foregoing via the Court's electronic filing system or by first-class U.S. mail, postage prepaid, where appropriate, to the following:

    Kenneth J. Lay
    HOOD & LAY, LLC
    1117 22nd Street South, Suite 101
    Birmingham, AL 35205
    kenneth.j.lay@gmail.com

    ATTORNEY FOR MICHAEL AND NATALIE ADAMS

                                  */s/* J.Jackson Hill, IV
                                  OF COUNSEL