# EXHIBIT  A

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>68-CV-201<br><br>Date of Filing:<br>09/20/2015 | ELECTRONICALLY FILED<br>9/20/2015 11:53 PM<br>68-CV-2015-900668.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>KAREN DUNN BURKS, CLERK |

## GENERAL INFORMATION

**IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA**
**MICHAEL ADAMS ET AL v. BANK OF AMERICA, N. A.**

**First Plaintiff:** ☐ Business ☑ Individual     **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other                            ☐ Government ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑  **INITIAL FILING**     A ☐  **APPEAL FROM DISTRICT COURT**     O ☐  **OTHER**

R ☐  **REMANDED**     T ☐  **TRANSFERRED FROM OTHER CIRCUIT COURT**     _____

**HAS JURY TRIAL BEEN DEMANDED?**     ☑ Yes  ☐ No

**RELIEF REQUESTED:**     ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   LAY002          9/20/2015 11:53:48 PM          /s/ KENNETH JAMES LAY

**MEDIATION REQUESTED:**          ☐ Yes  ☐ No  ☑ Undecided



AlaFile E-Notice

To: KENNETH JAMES LAY
ken@whlfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL ADAMS ET AL V. BANK OF AMERICA, N. A.
68-CV-2015-900668.00

The following complaint was FILED on 9/20/2015 11:53:59 PM

Notice Date:      9/20/2015 11:53:59 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL 35020

205-497-8510
karen.burks@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93 Rev.5/99 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number:<br>68-CV-201<br>Date of Filing:<br>09/20/2015 | ELECTRONICALLY FILED<br>9/20/2015 11:53 PM<br>68-CV-2015-900668.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>KAREN DUNN BURKS, CLERK |

## GENERAL INFORMATION

IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
MICHAEL ADAMS ET AL v. BANK OF AMERICA, N. A.

First Plaintiff: ☐ Business   ☑ Individual    First Defendant: ☑ Business   ☐ Individual
               ☐ Government   ☐ Other                 ☐ Government   ☐ Other

NATURE OF SUIT:

TORTS: PERSONAL INJURY

☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

TORTS: PERSONAL INJURY

☐ TOPE - Personal Property
☐ TORE - Real Property

OTHER CIVIL FILINGS

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

OTHER CIVIL FILINGS (cont'd)

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

ORIGIN:   F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

       R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT     _____

HAS JURY TRIAL BEEN DEMANDED?    ☑ Yes   ☐ No

RELIEF REQUESTED:      ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:    LAY002       9/20/2015 11:53:48 PM       /s/ KENNETH JAMES LAY

MEDIATION REQUESTED:     ☐ Yes   ☐ No   ☑ Undecided



ELECTRONICALLY FILED
9/20/2015 11:53 PM
68-CV-2015-900668.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY ALABAMA
## BESSEMER DIVISION

| | | |
|---|---|---|
| **MICHAEL ADAMS,** | ) | |
| **NATALIE ADAMS,** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | **CV-2015** |
| | ) | |
| | ) | |
| **BANK OF AMERICA, N.A.,** | ) | |
| | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## COMPLAINT

Come now, the Plaintiffs, Michael and Natalie Adams, by and through

their attorney of record, Kenneth Lay, and file their complaint against

Defendant, Bank of America, in accordance with the Alabama Rules of

Civil Procedure, and in support of said complaint state as follows:

## PARTIES

1.  The Defendant, Bank of America, in this action is a foreign
    corporation doing business in Jefferson County Alabama, and is a
    "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

2.  The Plaintiffs, Michael and Natalie Adams, in this action are adult
    resident of Jefferson County, Alabama, and are "consumers"
    and/or persons affected by a violation of the FDCPA.

## JURISDICTION

3. Jurisdiction is proper in this Court since the underlying action is based upon a contract executed in Jefferson County, Alabama. The action is brought regarding an attempted foreclosure instituted in Jefferson County, Alabama, and is in the nature of a complaint regarding that attempted foreclosure action. The action is brought to enforce the contractual remedies allowed in the mortgage document. The action seeks damages in contract and tort for the actions of the Defendant, Bank of America, with respect to their servicing and attempted foreclosure on the loan in question.

## VENUE

4. Venue is proper in this Court as the Plaintiffs are citizens of Jefferson County, all or substantially all of the wrongs complained of occurred in this county, and the property is situated in this county.

## STATEMENT OF FACTS

5. Michael and Natalie Adams bought the property located at 1132 Ferro Avenue, Bessemer, AL 35020. On October 25, 2001 bought their property where they currently reside and received and executed a mortgage with MERS as nominee for Country Wide Home Loans, Inc., and a promissory note with Countrywide. The Mortgage contract provides for an escrow account for the taxes and insurance. The mortgagee is required to pay for the insurance and taxes from the escrow account. The mortgage is an FHA mortgage which incorporates HUD rules and regulations regarding loss mitigation procedures which must be followed prior to the lender initiation foreclosure.

6. The Adamses currently reside at 1132 Ferro Avenue, Bessemer, AL 35020.

7.  The loan was allegedly later transferred and sold to Bank of America although the Plaintiffs dispute the validity of the alleged transfer.

8.  On June 1, 2015, Defendants improperly and wrongfully began foreclosure proceedings on the Adamses' property.

9.  The Law firm of Sirote and Permutt, P.C. handled the attempted foreclosure sale.

10. The Defendants began foreclosure proceedings on Plaintiffs' property on June 1, 2015 despite knowing that the Plaintiffs, the Adamses, claimed that they were not in default and that the attempted foreclosure sale was wrongful and invalid.

11. The foreclosure sale date was reported to the national credit bureaus and the Adamses' credit was damaged as a result of the reporting of the foreclosure sale date which was invalid and wrongful.

12. The Adamses, upon information and belief, contend that the alleged Assignment of the note and mortgage is defective, void, or otherwise unenforceable as to the security instrument in question in this case.

13. The Adamses contend that the attempted sale was wrongful, illegal, in violation of law and the documents governing the relationship between the Adamses and the owners of the note and mortgage. Furthermore, the Adamses allege that they were not behind in their payments on the mortgage and that they were improperly defaulted and that the note was improperly accelerated.

14. The Adamses contend that the foreclosing entity lacked standing or authority to initiate foreclosure proceedings on their property.

15. The Adamses allege that the actions of the Defendants and its agents, employees and servants were wrongful and tortious.

16. The Adamses allege that the actions of Defendants by improperly attempting foreclosure on their property is a violation of law, wrongful

and tortious and that the Defendants had no authority to foreclose on their home or property, and that its actions constitute negligence, wantonness, abuse of process and slander of title.

17. As a direct result of the acts complained of the Adamses have suffered great mental anguish, damage to their reputation, economic and emotional damages and claims from Defendants all damages allowable under the law.

18. In January 2015, the Adamses sent a monthly payment to Defendants; however, Defendants refused the payment and returned it to the Adamses without explanation.  After, the Adamses called and inquired as to the returned payment, Defendants advised Adamses that they were in default for failure to make payments, but could not explain why they were allegedly in default.  Moreover, Defendants advised the Adamses that it would no longer accept payments from them and that Defendants would be turning over their account for foreclosure.  Prior to January 2015 Defendants accepted and cashed Plaintiffs monthly payments, but failed to properly apply them to their account pursuant to the mortgage contract. From January 2015 until May 2015, Defendants returned payments to the Adamses again also in violation of the mortgage contract.

19. On June 1, 2015, Defendants improperly and wrongfully began foreclosure proceedings on the Adamses' property.

20. The Defendants purportedly began foreclosure proceedings on Plaintiffs' property on June 1, 2015 despite knowing that the Plaintiffs, the Adamses, claimed that the attempted foreclosure sale was wrongful and invalid, and that they were not in default at the time of the acceleration.

21. The foreclosure sale date which included false information related to the alleged default on the indebtedness was published in the newspaper, The Alabama Messenger, in June 2015, July 2015, and August 2015. Furthermore, said false and inaccurate information related to the Adamses' alleged default was reported to the national credit bureaus and the Adamses' credit and reputation were damaged as a result of the reporting of the foreclosure sale date and default which was invalid and wrongful.

22. The Adamses contend that the attempted sale was wrongful, illegal, in violation of law and the documents governing the relationship between the Adamses and the owners of the note and mortgage.  Furthermore, the Adamses allege that they were not behind in their payments on the mortgage and that they were improperly defaulted and that the note was improperly accelerated.

23. The Adamses allege that the actions of Defendant by improperly attempting foreclosure on their  property is a violation of law, wrongful and tortious and that the Defendant had no authority to foreclose on their home or property, and that its actions constitute negligence, wantonness, abuse of process and slander of title.   As a direct result of the acts complained of the Adamses have suffered great mental anguish, damage to their reputation, economic and emotional damages and claims from Defendants all damages allowable under the law.

## <u>COUNT ONE</u>
## NEGLIGENCE

24.    The Plaintiffs re-allege all prior paragraphs as if set out here in full.

25.    The Defendants negligently serviced the loan made the basis of this suit, negligently attempted to collect sums not owed by the Plaintiffs, negligently caused their property insurance to be canceled, negligently defaulted the Plaintiffs,  negligently attempted a foreclosure sale on Plaintiffs' property, were negligent by failing to make sure that information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus) was not false, neither libelous nor slanderous, and rose to the level of maximum accuracy; negligent by failing to properly train their employees on the thorough investigation of disputed accounts; negligent by failing to properly train, and/or supervise their employees and agents with regard to the handling of Plaintiffs' loan account and failing to remove the adverse reporting from Plaintiffs' credit once he disputed the same.

26. As a direct result of the said negligence, the Plaintiffs were injured and damaged as alleged above and has suffered mental anguish, economic injury and all other damages allowed by law.

27. As a result thereof, the Defendant is liable for all natural, proximate and consequential damages due to their negligence.

## COUNT TWO
## WANTONNESS

28. The Plaintiffs re-allege all prior paragraphs as if set out here in full.

29. The Defendant acted with reckless indifference to the consequences, and consciously and intentionally wrongfully serviced the loan made the basis of this suit, attempted to collect sums not owed by the Plaintiffs, caused their property insurance to be canceled, defaulted the Defendants, attempted to conduct a foreclosure sale on Plaintiffs' property, failed to make sure that information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus) was not false, neither libelous nor slanderous, and rose to the level of maximum accuracy; failed to properly train their employees on the thorough investigation of disputed accounts; failed to properly train, and/or supervise their employees and agents with regard to the handling of the Adamses' loan account and failing to remove the adverse reporting from the Adamses' credit once they disputed the same.

30. These actions were taken with reckless indifference to the consequences, consciously and intentionally in an effort to increase profits for the Defendant.

31. The Defendant knew that these actions were likely to result in injury to the Plaintiffs including financial and emotional injuries and mental anguish.

32. As a proximate result of the Defendant's wantonness the Plaintiffs were injured and harmed and suffered financial injury and emotional damage.

33.     As a result thereof, Defendant is liable for all natural, proximate and consequential damages due to its wantonness as well as punitive damages upon a proper evidentiary showing.

## COUNT THREE
## UNJUST ENRICHMENT

34.     The Plaintiffs adopts and re-allege all prior paragraphs as if set out here in full.

35.     The actions of the Defendant in attempting foreclosure on the home of the Plaintiffs in violation of law resulted in Defendant being unjustly enriched by the payment of fees, insurance proceeds and equity in the home.

36.     As a result of the Defendant's unjust enrichment, the Plaintiffs have been injured and damaged in that the Plaintiffs have been forced to pay charges that were illegal, wrong in character, wrong in amount, unauthorized, or otherwise improper under threat of foreclosure by the Defendant.

37.     The Plaintiffs claim all damages allowable under law as a result of the Defendant's wrongful conduct and unjust enrichment.

## COUNT FOUR
## WRONGFUL FORECLOSURE

38.     The Plaintiffs re-allege all prior paragraphs as if set out here in full.

39.     Defendant wrongfully initiated and attempted to conduct a foreclosure proceeding against the Plaintiffs in violation of law.

40.     The attempted foreclosure proceeding by the Defendant was either negligent, wanton or intentional, depending on proof adduced at Trial. The power of sale was exercised for a purpose other than to secure the

debt owed by plaintiffs, as the plaintiffs were current on the debt at the time of the default and acceleration.

41. As a result thereof, the Defendant is liable for all natural, proximate and consequential damages due to their actions including an award of punitive damages upon a proper evidentiary showing.

## COUNT FIVE
## SLANDER OF TITLE

42. The Plaintiffs re-allege all paragraphs as if set out here in full.

43. Defendant, in attempting foreclosure has caused a cloud to be placed on the title of the property of the Plaintiffs.

44. As the proximate cause of the Defendant's said slandering of the Plaintiffs' title, they were caused to suffer injuries and damages and claims all damages allowable under law.

## COUNT SIX
## BREACH OF CONTRACT

45. The Plaintiffs adopt and re-allege all prior paragraphs as if set out here in full.

46. The Plaintiffs and their Lender entered into the standard FHA uniform instrument mortgage agreement. The mortgage is an FHA mortgage which incorporates HUD rules and regulations regarding loss mitigation procedures which must be followed prior to the lender initiation foreclosure.

47. The Defendants serviced the loan and breached the agreement by failing to comply with essential terms regarding the application of payment and the notice requirements of the agreement.

48. As a result of the defendant's breach of the mortgage contract, the Plaintiffs were caused to suffer injuries and damages and claims all damages allowable under law.

49. That the terms of the agreement entered into between Plaintiff and Country Wide Mortgage detail the application of payments. That, as more fully described above, Defendants failed to apply regular monthly payments, supplemental monthly payments, in the proper manner according to the terms of the note and mortgage. More specifically, Defendants never applied some payments at all to Adamses' account even though Adamses sent in the payment and it was deposited by Defendants. Apparently, Defendants have misplaced or is unable to account for the funds from payments made or sent by Adamses. Moreover, numerous other payments made by Adamses were returned to him by Defendants without reason or without explanation. More specifically, for example, in November 2014, the Adamses' payment was returned to them.

50. That this misapplication of funds constitutes a breach of the mortgage contract and thus entitles the Adamses to damages. The Defendant failed to follow the applicable HUD regulations regarding HUD regulations and breached the contract by failing to engage in loss mitigation prior to instituting foreclosure as required by the HUD rules and regulations.

51. In addition, Defendants failed to send proper notices to the Adamses as required by the mortgage contract. Even if the Adamses are in default, Defendants failed to send a proper notice of default, a proper notice of intent to accelerate, and a proper notice of acceleration. Accordingly, Defendant failed to comply with this provision of the mortgage contract and has therefore breached the contract.

52. Moreover, the mortgage document gives the Plaintiffs the right to bring an action to dispute the existence of a default and raise defenses thereto. Accordingly, the Plaintiffs exercise their right pursuant to the mortgage document and hereby challenges the existence of a default on their mortgage indebtedness. As previously, discussed, the Plaintiffs are not in default, has made payments every month as required by the mortgage and note and are not behind on their mortgage payments.

## <u>COUNT SEVEN</u>
## FRAUD

53.    The Plaintiffs adopt and re-allege all prior paragraphs as if set out here in full.

54.    The Defendant misrepresented that the loan was in default. Further, the Defendant made false and misleading representations, to wit: dissemination of inaccurate information regarding the loan account as being in default and dissemination of inaccurate information regarding the credit history and credit of the Plaintiffs that was known to be false.

55.    Said misrepresentations were made negligently and/or willfully and/or wantonly and/or fraudulently, and/or recklessly with the intent to induce the Plaintiffs to act thereon and upon which the Plaintiffs did in fact act to their detriment.

56.    Plaintiffs justifiably relied upon said representations made by Defendant and as a result of said reliance proceeded with the execution of the loan; at the time said representations were made the same were false and known by the Defendant to be false and/or were false and made by mistake with the intent for Plaintiffs to rely thereon.

57.    As a proximate cause of the aforementioned fraudulent misrepresentations made by the Defendant, Plaintiffs were proximately caused to suffer injury and damage.

## <u>COUNT EIGHT</u>
## PLACED IN A FALSE LIGHT

58.    Plaintiffs adopts the above paragraphs as if fully set forth herein.

59.    In association with the servicing of the loan account Defendants held Adamses up in a false light and made undesirable and negative character and credit reputation remarks on or about the Adamses by either speaking or writing undesirable and negative character and

reputation remarks about Adamses which was offensive, untrue, and inaccurate, and which alleged Adamses were behind on their debt serviced by Defendants, and has a bad debt with Defendants.

60. Defendants knew the Adamses were not in default on the account, as it was paid to date and as such, that there existed no basis in law or fact, for the Defendants to make offensive, untrue, and inaccurate reports regarding the Adamses. Defendants knew this at the times they were reporting such information.

61. Defendants held the Adamses up in a false light and made undesirable and negative and credit reputation remarks on or about the Adamses in the national credit reporting media and to their homeowner insurance carrier. Defendants provided this false information to third parties.

62. The conduct Defendants was objectionable to the Adamses and to any reasonable person. Defendants' action was willful, reckless, wanton and/or made with malice and resulted in Adamses being unreasonably placed in a false light.

63. Due to Defendants' conduct, the Adamses were caused to have negative credit reports, denied homeowners insurance, held up to public ridicule or shame, humiliated, made to suffer physically and mentally, and endure anguish.

WHEREFORE, PREMISES CONSIDERED, the Adamses Pray for Judgment against Defendants in an amount to be determined by trier of fact.

## COUNT NINE

## DEFAMATION, LIBEL, SLANDER

64. Plaintiffs adopt the above paragraphs as if fully set forth herein.

65. The Defendant willfully, wantonly, recklessly and/or maliciously published and communicated false and defamatory statements

regarding the Plaintiffs and said statements have subjected the Plaintiffs to the denial of credit by third parties, resulted in homeowner's insurance cancellation and harmed the Plaintiffs' credit reputation. As previously stated, the Plaintiffs were current on their mortgage account and has made payments each and every month. Accordingly, they were not in default. Despite the Adamses' account being current, Defendants published in the newspaper false information regarding their account being in default and false information regarding its right to conduct a foreclosure sale on the Adamses' property.

66.    Said false and defamatory statements have harmed the reputation of the Adamses and/or deterred third persons from associating with the Adamses.

67.    The Defendant communicated to credit reporting agencies and/or other third parties, false information that Adamses defaulted on the loan and was in foreclosure, disseminated and imputed false and misleading credit history and worthiness information concerning the Adamses.

68.    Defendants published such defamatory and libelous information in the Alabama Messenger newspaper.

69.    Said communications were false in that Plaintiffs were not indebted to the Defendant in the amount reported, and Plaintiffs were not delinquent as reported by the Defendant, and Defendants were the legal and rightful owner of the mortgage note.

70.    At the time said communications were made, Defendants knew, or should have known, of the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully, and maliciously communicated the falsity.

71.    As a result of the intentional communication to third parties of false information, the Adamses were caused to suffer injury to their reputation in the eyes of the community and the public and were subject to ridicule.

72.     Said communications were oral and/or written.

73.     As a proximate consequence of the Defendants' acts, the Adamses were caused to be injured and damaged.

74.     Defendants published such defamatory and libelous information. Defendants knew the Adamses were not in default on the account, as it was paid to date and as such, that there existed no basis in law or fact, for the Defendants to make offensive, untrue, and inaccurate reports regarding the Adamses. Defendants knew this at the times they were reporting such information. Furthermore, Defendants published in the local newspaper in Jefferson County Alabama the false information of the default on the loan in the foreclosure sale notice. This foreclosure sale notice states that the Adamses' loan is in default and in foreclosure. Defendants knew this information was inaccurate at the time it published this notice in the local paper, and the published false information harmed the Adamses' reputation and character. As a result, the Adamses' suffered damages of their reputation which negatively affected their credit and their business causing monetary losses.

75.     Said communications were false in that Plaintiff were not indebted to the Defendant in the amount reported, Plaintiffs were not delinquent as reported by the Defendant, and Defendant is not the legal and rightful owner of the mortgage note.

76.     At the time said communications were made, Defendants knew, or should have known, of the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully, and maliciously communicated the falsity.

77.     As a result of the intentional communication to third parties of false information, the Adamses were caused to suffer injury to their reputation in the eyes of the community.

## COUNT TEN:
## VIOLATIONS OF TRUTH IN LENDING

78.     The Adamses re-allege and  adopt the above paragraphs as if fully set forth herein and also asserts the following:

79.     Defendants violated the Federal Truth in Lending Act.

80.     The Adamses institute this action for actual damages, statutory damages, attorney's fees, and the costs of this action against Defendants for multiple violations of the Truth in Lending Act, 15 U.S.C. §1601et seq. (hereinafter TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226, promulgated pursuant thereto.

81.     This complaint is solely for monetary damages pursuant to 15 U.S.C. § 1640. Under 15 U.S.C. § 1640(a), it is not necessary to allege or to prove actual damages to recover statutory damages.

82.     Defendants, are covered by the Act as it regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making defendant a creditor within the meaning of TIL, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

83.     Defendants did not provide a proper copy of the notices required by the Act to the Adamses.   The disclosure statement issued in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following and other respects:  (a). By failing to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C.§ 1638(b) and Regulation Z § 226.17(b).  (b). By failing to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a).  (c). By failing to include in the finance charge certain charges imposed by defendant payable by plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605and Regulation Z § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z § 226.18(d). Such

14

amounts include, but are not limited to the attorney fees and late fees, 15 U.S.C. § 1605(a), Regulation Z§ 226.4(a).

84.     The regulations require that the notice shall identify the transaction or occurrence and clearly and conspicuously disclose the following:  The retention or acquisition of a security interest in the consumer's principal dwelling. The consumer's right to rescind, as described in paragraph (a)(1) of this section. How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.  The effects of rescission, as described in paragraph (d) of this section.    The date the rescission period expires. (See Reg. Z §§ 226.15(b)(5) and 226.23(b).

85.     By charging "attorney fees" and other "fees" not authorized by the mortgage contract, Defendants has made unauthorized charges and failed to disclose these charges in violation of the Act.  In this case, Defendants added fees to the Adamses' account in December 2014 which is referenced in the notice of default.  Moreover, once the account was turned over to the attorney for foreclosure in May 2015, additional fees were improperly added to the account.  Each time the sale was published in the newspaper up to and including August 2015, Defendants added additional and unauthorized fees to the Adamses' account balance.

86.     By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. § 1606, Regulation Z§ 226.22, Defendants understated the disclosed annual percentage rate in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(c).

87.     That the Defendants have been improperly amortizing the loan, and have failed to provide proper disclosures to the Adamses. Defendants failed to send proper monthly statements to the Adamses in violation of the Act.

88.     By reason of the aforesaid violations of the Act and Regulation Z, Defendants  is liable to the Adamses in the amount of twice the finance charge, actual damages to be established at trial,  and attorney's fees

and costs in accordance with 15U.S.C. § 1640 for violations of Federal Truth in Lending Act.

## COUNT ELEVEN:
## VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)

89. The Adamses re-allege and adopts the above paragraphs as if fully set forth herein and also asserts the following:

90. Defendants violated the Real Estate Settlement Procedures Act (REPA) by failing to acknowledge or respond to Adamses' Qualified Written Request (QWR). Defendant violated the Real Estate Settlement Procedures Act (REPA) by failing to acknowledge or respond to Adamses' Qualified Written Request (QWR) within in the time provided by federal law.

91. The Adamses made a Qualified Written Request pursuant to RESPA to Defendants on July 17, 2015. Defendants never acknowledged receipt of the QWR request and never responded to it. Defendants' failure to acknowledge and properly respond to the QWR request is a violation of RESPA or the Dodd-Frank Act. Because of said violations of said acts, the Adamses were damaged because they were not informed of the information regarding their loan. Because the Defendants failed to give this information to the Adamses, they were not able to stop the foreclosure on their home. Accordingly, the Adamses are entitled to damages from the Defendants. Plaintiffs suffered damages by Defendants' failure to comply with the RESPA law because they were unable to get a proper accounting of the fees and charges owed on the account to cure any alleged default and as a result a foreclosure sale was set.

## COUNT TWELVE

## FAIR CREDIT REPORTING ACT

92. The Adamses re-allege and adopts the above paragraphs as if fully set forth herein and also asserts the following.

93. The Adamses disputed the account and false credit reporting. Defendants were inaccurately reporting that the Adamses were delinquent in their mortgage loan and in Default. The Adamses repeatedly contacted Defendants from January 2015 until July 2015 and informed Defendants regarding ITS INACCURATE REPORTING. Moreover, the Adamses contacted the credit national bureaus and informed them of the inaccurate information and disputed same. Nonetheless the credit reports were never changed because Defendants kept reporting the account as delinquent and in foreclosure.

94. Despite receipt of the dispute, defendants failed to properly investigate and respond, failed to make any effort to verify the complaints of plaintiff and reported the false, derogatory information to the consumer reporting agencies in violation of their duties as a furnisher of credit.

95. According to the national consumer reporting agencies' reports the defendants falsely reported about plaintiffs' disputed debt.

96. Defendants likewise willfully, or alternatively, negligently, violated the Fair Credit Reporting Act by failing to properly conduct a reasonable investigation and by failing to supply accurate and truthful information.

97. Rather, defendants reported false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the plaintiffs.

98. Defendants failed to conduct a reasonable investigation with respect to consumer credit data it reported about the plaintiffs.

99.  Defendants failed to review all relevant and pertinent information provided to it regarding the debt.

100.  As a proximate result of the Defendants' fraudulent conduct the Plaintiffs have been injured and damaged.

101.  Defendants' violations and false credit reporting about plaintiff have been a substantial factor in causing credit denials and other damages.

102.  Defendants are liable unto plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

103.  WHEREFORE PLAINTIFFS, PRAY that after all due proceedings be had there be judgment herein in favor of Plaintiffs and against Defendants.  1) That there be Judgment in favor of Plaintiff and against Defendants, for all reasonable damages sustained by Plaintiff including but not limited to actual damages, statutory damages, compensatory damages, out-of-pocket expenses, credit denials, adverse action, lost credit opportunities, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and for punitive/exemplary damages, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid; and 2) That this Honorable Court order Defendants to reinvestigate and correct the credit report(s), data emanations, and credit histories of and concerning Plaintiff or any of plaintiff's personal identifiers.

## COUNT THIRTEEN

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

104.  The Adamses re-incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

105.  The acts and omissions of counter-defendant as more specifically stated in the facts constitutes numerous and multiple violations of the FDCPA including, but not limited to, §1692e(2), §1692e(8), and §1692f(1), with respect to the Adamses. As a result of counter Defendants' violations of the FDCPA, the Adamses are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15U.S.C. § 1692k(a)(3) from Defendants.

106.  Within the last 12 months, Defendants attempted to collect amounts not owed under the mortgage contract. Within the last 12months, Defendants sought unjustified amounts, which would include demanding any amounts not permitted under an applicable contract or as provided under applicable law in violation of the Act §1692f(1). Within the last 12 months, Defendants threatened legal action that was either not permitted or not actually contemplated in violation of the Act §1692 e. Within the last 12 months, Defendants communicated with third parties: revealing or discussing the nature of debts with third parties in violation of the Act §1692 c. Defendants within the last 12 months, failed to identify themselves and notify the Adamses in every communication, that the communication was from a debt collector in violation of the Act §1692e(11). Within the last 12 months Defendants falsely stated the amount of the debt owed in violation of §1692e2a.

## COUNT FOURTEEN:
## CLAIM FOR DECLARATORY RELIEF

108.   The Adamses re-allege and adopts the above paragraphs as if fully set forth herein and also asserts the following:

109.   Defendants breached the contract with the Adamses by failing to follow the terms for notice requirements agreed to in the mortgage contract as well as payment application.  Defendants never sent the Adamses the required notices and failed to properly apply their payments.  As a result the Adamses are entitled to the following declaratory relief:  (1) An Order declaring that they are not in default of their mortgage agreement and declaring the notice of default is null and void. (2) An order declaring that Defendants have no right or authority to foreclose on the Adamses' property.  (3) An Order prohibiting Defendants from foreclosing on the Adamses' property.

**PLAINTIFFS (THE ADAMSES) DEMAND A TRIAL BY JURY.**

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against the Defendant (Bank of America), respectfully pray of the Court as follows:

a.   That the Plaintiffs have and recover against the Defendants, a sum to be determined by this Court and their peers in the form of actual damages.

b.   That the Plaintiffs have and recover against the Defendants a sum to be determined by this Court in the form of compensatory and punitive damages.

c.     That Plaintiffs, the Adamses, be awarded attorney fees and court cost.

d.     That the Plaintiffs have such other and further and proper relief as the Court may deem just and proper:

RESPECTFULLY SUBMITTED:

/s/ Kenneth James Lay
HOOD & LAY, LLC
1117 22nd Street South
Birmingham, Alabama 35205
Tel: (205) 323-4123
Fax:(205) 776-2040
Attorney for Plaintiffs

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>68-CV-2015-900668.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY
### MICHAEL ADAMS ET AL V. BANK OF AMERICA, N. A.

BANK OF AMERICA, N. A., C/O CT CORPORATION SYSTEM 2 N. JACKSON ST. STE. 605, MONTGOMERY, AL 36104

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY KENNETH JAMES LAY _____

WHOSE ADDRESS IS 1117 South 22nd Street, BIRMINGHAM, AL 35205 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   MICHAEL ADAMS _____

pursuant to the Alabama Rules of the Civil Procedure

Date   9/20/2015 11:53:59 PM      /s/ KAREN DUNN BURKS _____

Clerk/Register

1851 2ND AVENUE NORTH

SUITE 130
BESSEMER, AL 35020

☑ Certified Mail is hereby requested      /s/ KENNETH JAMES LAY _____

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

(Date)

_____          _____          _____
Date                                              Server's Signature                            Address of Server


_____          _____          _____
Type of Server                                   Server's Printed Name

_____
Phone Number of Server