FILED
2017 Mar-14  PM 09:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL ADAMS, ) | |
| NATALIE ADAMS, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | CV-2015-1855-RDP |
| ) | |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| ) | |
| DEFENDANTS. ) | |

## PLAINTIFF'S MOTION TO ALTER, AMEND, OR VACATE

COME NOW the Plaintiffs, Michael Adams and Natalie Adams, by and through their attorney of record, Kenneth J. Lay, and file this motion to alter, amend, or vacate the court's opinion and order entered in this case on February 14, 2017, and in support thereof states the following:

1. That this Court entered an opinion and order in this case on February 14, 2017 wherein in granted the Defendant's motion for summary judgment, and entered a final judgment in favor of the Defendant and against the Plaintiffs.

2. That this Court's opinion and order are contrary to the facts and the law in this case.  Accordingly, the court's judgment is erroneous.

3. This Court erred by finding that Alabama law does not permit the Plaintiff to bring a claim against the Defendant for breach of an FHA mortgage contract where it has failed to follow the HUD mandates of loss mitigation which are incorporated into the FHA mortgage contract. One of Adams claim for breach of contract centers on language found in Paragraph 9 of the Mortgage, which states that United States Department of Housing and Urban Development ("HUD") regulations may limit the lender's right to require immediate payment from the borrower or initiate rapid foreclosure proceedings against the borrower's house where a borrower has fallen behind on her payments. The Mortgage specifically states that "[t]his Security Instrument does not authorize acceleration of foreclosure if not permitted by regulations of the Secretary." Adams contends that the HUD regulation requires "mortgage loan servicers of FHA insured mortgages to consider borrowers for a host of loss mitigation alternatives prior to pursuing foreclosure." Adams contends that since Bank of America did not consider such loss mitigation alternatives, but rather foreclosed on their home, Bank of America violated HUD regulations, and thereby took action against them which Bank of America was barred from taking under the express language of the Mortgage. Adams plead breach of contract. There is no dispute that there is a mortgage contract. Adams points to specific language in the mortgage which conditions a lender's right to accelerate payment or foreclosure on the lender's compliance with HUD regulations. Second, the evidence shows that there is at least one applicable HUD regulation, which required Bank of America to do more before they foreclosed on her house. While there exists authority that

2

the regulations do not create a private cause of action for damages, Adams is not suing based on a contract between Bank of America and HUD, but rather on the contract that she entered into with her lender and that is the same contract Bank of America relied on to conduct the sale.  In Mullins v. GMAC Mortgage, LLC. 2011 WL 1298777 (S.D.W.Va.  March 31, 2011) the borrowers filed a lawsuit against a foreclosing lender and asserted, among other things, that the lender breached the contract between them by proceeding with foreclosure without giving them the opportunity to modify as required by HUD regulations which, as here, were referenced in the deed of trust. The court in that case denied the lender's motion to dismiss because the borrowers had pointed to specific language in the deed of trust which conditioned the lender's right to accelerate payment or foreclosure on the lender's compliance with HUD regulations. Since the borrowers had pointed to at least one applicable HUD regulation which required the lender to do more before it attempted to foreclose, the borrowers had pled their breach of contract claim with sufficient particularity. The court there distinguished the borrower's cause of action, which was based on breach of a contract between the parties, from a suit to enforce HUD regulations "under some vague and likely non-existent cause of action allowing a member of the public to take upon himself the role of regulatory enforcer." In addition, since the breach of contract claim survived, the breach of implied covenant to act in good faith likewise survived. Similarly in Overholt v. Wells Fargo Bank, N.A., 2011 WL 4862525 (E. D. Tex., Sept. 2, 2011) the court denied Bank of America's motion to dismiss a similar lawsuit because the plaintiffs there were not asserting a private cause of

3

action for HUD or FHA violations, but instead were asserting a breach of contract claim for violations of these regulations which the plaintiffs asserted were incorporated into the Note and Deed of Trust. "Thus, failure to comply with the regulations made party of the parties' agreement may give rise to liability on a contract theory because the parties incorporated the terms into their contract. Indeed, courts have recognized that claims for failure to comply with the HUD regulations in question are best classified as a breach of contract." (quoting Baker v. Countrywide Home Loans, Inc., 2009 WL 1810336 at *5 (N.D. Tex. June 24, 2009).   In Sinclair v. Donovan, 2011 WL 5326093 at *7 (S.D.Ohio Nov. 4, 2011) the court "[I]t indeed would be an absurd result if the Lender Defendants were allowed to ignore the contract terms drafted to govern their post-default conduct on the grounds that the mortgagors have defaults. We find that the HUD–FHA regulations concerning loss mitigation are enforceable terms of the mortgage contract between the parties and that Plaintiffs cannot be denied the benefit of these provisions by virtue of the fact of simple default." Sinclair v. Donovan, 2011 WL 5326093 at *7 (S.D.Ohio Nov. 4, 2011).

    4.   This Court improperly ignored the 11th Circuit Court of Bates v. JP Chase Morgan, a case directly on point and mandatory authority of this Circuit.    The Eleventh Circuit recently ruled that failure to comply with HUD Regulations in foreclosing on or attempting to foreclose on a FHA-Insured Mortgage – including the requirement of having a face-to-face meeting with the Debtor - constitutes a breach of the mortgage contract.  In Bates v. JPMorgan Chase Bank, N.A., The Eleventh Circuit held that a

4

bank's failure to strictly comply with the regulations promulgated by the Department of Housing and Urban Development (HUD) for foreclosing on an FHA-insured mortgage would constitute a breach of contract. The Court held that claims for damages are allowed if banks fail to comply with requirements under HUD regulations, such as the face-to-face meeting requirement, the requirement of notifying borrowers of defaults before sending acceleration letters, and the requirement that loss mitigation techniques be considered. Bates v. JPMorgan Chase Bank, N.A 768 F.3d 1126 (11th Cir. 2014). Federal courts, including the 11th Circuit, and other state appellate courts throughout the nation have almost uniformly upheld a borrower's right to bring a breach of contract claim against a lender for its failure to follow loss mitigation requirements incorporated in an FHA mortgage loan contract.[1] While Bank of America is correct that there is a split in jurisdictions regarding bringing a private right of action to enforce HUD regulations directly, there is near unanimity in the theory as espoused by the 11th Circuit in Bates, 768 F.3d (11th Cir. 2014). This Court attempts to erroneously ignore this mandatory precedent by simply suggesting that the case is particular to Georgia and inapplicable to

---

[1] The Indiana Court of Appeals in a case of first impression held "the HUD servicing responsibilities at issue in this case are binding conditions precedent that must be complied with before a mortgagee has the right to foreclose on a HUD property." Lacy-McKinney v. Taylor, Bean & Whitaker Mortg. Corp., 937 N.E.2d 853, 864 (Ind. Ct. App. 2010). More recently, the Virginia Supreme Court, in a case of first impression, held that federally mandated HUD regulations which are incorporated into an FHA mortgage Contract are conditions precedent which if not followed prohibit foreclosure. "In conclusion, the terms used in Paragraphs 9 and 18 of the Deed of Trust clearly state that the rights of acceleration and foreclosure accrue only if permitted by HUD's regulations. 24 C.F.R. §§ 203.500 and 203.606(a) clearly express HUD's intent that foreclosure proceedings are not permitted unless the lender has complied with the Regulation. The Regulation therefore is incorporated as a condition precedent in the Deed of Trust." Mathews v. PHH Mortgage Corporation, Virginia Supreme Court (April 20, 2012). This Court should follow the reasoning of the Indiana Court of Appeals and the Virginia Supreme Court and find that both the statutes and regulations for servicing FHA create a condition precedent to foreclosure, and that the failure of such a condition precedent renders the foreclosure sale and deed invalid, and gives a mortgagor a breach of contract claim.

this case based on Alabama law.  This is a rather obtuse reading of this decision.  There is not difference at all in the two contract in that case and this one.  Moreover, Alabama law and Georgia law as it relates to contracts is nearly identical.  There is no justification for this Court to make such a finding and ignore this 11th Circuit mandatory authority.

     5.    This Court completely misreads and improperly interprets the Alabama Court of Civil Appeals case of <u>Campbell v. Bank of America</u>, 141 So.3d 492 (Ala.Civ.App.2012).  In its opinion and order, this Court improperly held that the Adams' claims for breach of contract are barred based on the <u>Campbell</u> case which held that a borrower could not raise as an affirmative defense to an ejectment action a lenders failure to follow HUD mandated loss mitigation requirements prior to foreclosure.  <u>Campbell v. Bank of America</u>, 141 So.3d 492 (Ala.Civ.App.2012).  This Court's belief that <u>Campbell</u> stands for the proposition that Adams cannot bring a breach of contract claim for its failure to follow the terms of the contract requiring loss mitigation is clearly incorrect.  There is not one word in the <u>Campbell</u> case which states such a proposition.  What this Court is actually doing by its holding in this case is to extend the holding in <u>Campbell</u> to prohibit Adams from bringing a breach of contract claim based on Bank of America's admitted failure to follow the contract terms which incorporates HUD mandated regulations requiring loss mitigation prior to foreclosure.  To do such, would put this Court not only in the great minority of courts in the country to make such a holding, it would put this Court squarely at odds with the Alabama Supreme Court's holding in <u>Jackson v. Wells Fargo</u>, 90 So.3d 168

6

(Ala.2012).  There is an obvious difference between disallowing an affirmative defense to an ejectment action and barring a claim for a breach of contract. Moreover there is also a huge difference in suing a lender for breach of contract for its failure to adhere to contractual terms and bringing a private right of action to enforce HUD regulations.   Furthermore, the Court's reliance on the Neal case which is clearly distinguishable is misguided.  Wells Fargo Mortgage v. Neal, 922 A.2d 541 (Md. Ct. App. 2007).  Instead of following the vast majority of the cases recently support the position taken by Adams and the 11th Circuit, this Court attempts to twist the Campbell court decision to say something it does not say, and to tries to misconstrue the holding in the Neal case from the Maryland Court of Appeals.  Campbell only involved an affirmative defense to an ejectment suit as there were no counterclaims filed so it clearly is not applicable to this case.  The Neal case which was cited in Campbell involved the issue of whether a borrower could bring a private cause of action to require enforcement of HUD regulations and was not a case of bringing a breach of contract claim purely based on the FHA mortgage contract itself.  As previously stated, there is a big difference.  In fact, a careful reading of the 11th circuit opinion makes clear the difference.  In fact, the 11th circuit rejected the very arguments made in this Court's opinion here regarding the difference in a private cause of action based on HUD regulation enforcement and a pure breach of contract action.  Moreover, although the 11th circuit case is based on a Georgia case, this Court should be mindful that it is based on the same contract as is at issue here in the case at

7

hand, and that Georgia law is nearly identical to Alabama law on these issues particularly as it relates to breach of condition precedent issues as discussed in the Jackson case. The bottom line is that Campbell and Neal are not breach of contract cases, but the Bates case from the 11th Circuit is such a breach of contract claim and is therefore directly on point.   In addition, while this issue has not been directly addressed by Alabama Appellate Courts, an analogous very similar case was decided by the Alabama Supreme Court in Jackson.  That case was based on a breach of contract claim for failure to adhere to Fannie Mae requirement incorporated in a uniform Fannie Mae mortgage contract, and dealt with condition precedents involved in contracts.  Based on the dictates of the Alabama Supreme Court case in Jackson v. Wells Fargo, this Court certainly should hold that Adams may bring a breach of contract claim based on the lenders failure to follow contractual terms incorporating required HUD loss mitigation requirements.  Accordingly, the trial court's order granting summary judgment is erroneous and due to be reversed.

6. This Court in its order ignored the Alabama Supreme Court case of Jackson v. Wells Fargo and its implications and applications to this matter by not addressing it in its opinion.  The Alabama Supreme court has found that a condition precedent contained in the mortgage contract must strictly be followed in order to gain the right to accelerate and foreclose. Jackson v. Wells Fargo Bank, N.A., 90 So.3d 168 (Ala.2012).   In fact, in Jackson the Alabama Supreme Court held that the trial court had improperly ruled in favor of Wells Fargo on its motion for summary

8

judgment on the Jackson's claims for breach of contract related to their mortgage, where Wells Fargo America failed to provide evidence they had complied with the requirements of the mortgage contract.

7. In the case of Felicia Williams v. Wells Fargo, the Alabama Court of Civil Appeals at least implicitly recognized the right to bring a breach of contract claims under exactly the same scenario. In that case, Williams raised the same issues related breach of contract for failure to follow the terms of an FHA mortgage related to loss mitigation. Although the Court in that case did not allow the claims to go forward because Williams had not sufficiently pled the claims, the Court made no mention of her inability to generally bring such a claim under Alabama law. Felicia Williams v. Wells Fargo Bank, (Ala. Civ. App. April 15, 2016). The same Judge on the Court of Civil Appeals, Judge Pittman, wrote both the Campbell opinion and the Williams opinion. It is pretty clear had the Campbell case stood for the proposition that such breach of contract claims were never allowed in Alabama, then the Court most certainly would have said so in Williams. It is very telling that the Court did not. In fact in Campbell, the Court stated: "Alabama recognizes that an affirmative defense to an allegedly void or voidable foreclosure may be asserted in both pre-foreclosure actions to block a foreclosure sale see, e.g., Ferguson v. Commercial Bank, supra; Bank of Red Bay v. King, supra; and Woods v. SunTrust Bank supra; and in post-foreclosure actions to set aside a foreclosure sale see, e.g., Beal Bank,

SSB v. Schilleci, supra; Kelly v. Carmichael, supra; and Browning v. Palmer, supra." Felicia Williams v. Wells Fargo Bank, (Ala. Civ. App. April 15, 2016).

8. This court erred by finding that the Defendant met is loss mitigation obligations. In the present case, Bank of America failed to follow the HUD regulations and failed to conduct loss mitigation. Adams let Bank of America know of her desire to get a work out plan or any other assistance which was available to him. Bank of America never provided him with the required letters about options to prevent foreclosure. Bank of America did not provide Adams with a copy of the HUD publication PA 426-H, May 19, 1997, How to Avoid Foreclosure, despite the requirement of 24 C.F.R. 203.602. Bank of America did not inform her of her options and the availability of housing counseling at the early stages of delinquency and failed to utilize other loss mitigation to avoid foreclosing on her home. Although required to set up a face-to-face interview before three months of delinquency, 24 C.F.R. §203.604(b), Bank of America never tried to meet with Adams. Additionally, Bank of America was required to consider other options such as "deeds in lieu of foreclosure under §203.357, pre-foreclosure sales under §203.370, partial claims under §203.414, assumptions under §203.512, special forbearance under §§203.471 and 203.614, and recasting of mortgages under §203.616." 24 CFR 203.501. They admitted none of those options were offered to Adams or considered. Had Bank of America complied with these requirements, and notified Adams of other options they could have had the opportunity to explore those options with more time. Although

10

Bank of America was required to "retain a complete audit trail confirming compliance with all loss mitigation requirements," Mortgagee Letter 00-05 (January 19, 2000) page 6, Bank of America failed to document any compliance. Specifically, Bank of America admitted that it failed to hold a face-to-face meeting with Adams. Furthermore in the deposition, the deponent admits that he does not know if loss mitigation was conducted in this case in compliance with HUD regulations. Accordingly, Bank of America breached the contract, and its summary judgment should have been denied by this Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs move this Honorable Court for an order granting their motion and to alter, amend, or vacate its previous order entered on February 14, 2017 granting the Defendant's motion for summary judgment.

        RESPECTFULLY SUBMITTED:

        /s/  Kenneth J. Lay
        _____
        Kenneth James Lay
        HOOD & LAY, LLC
        1117 22nd Street South
        Birmingham, AL 35205
        (205) 323-4123
        (205) 776-2040 fax
        Kenneth.j.lay@gmail.com
        Attorney for the Plaintiffs

## CERTIFICATE OF SERVICE

I do hereby certify that on the 14th day of March, 2017, I filed and sent the foregoing motion to alter, amend, or vacate the Defendant's motion for summary judgment to all counsel of record by United States mail, postage prepaid and addressed properly:

Brian Wahl, Esq.
Jackson Hill, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

/s/ *Kenneth J. Lay*
**KENNETH J. LAY**