# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL ADAMS, ) | |
| NATALIE ADAMS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:15-CV-01855-RDP |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Defendant. ) | |

## BANK OF AMERICA, N.A.'S OPPOSITION TO PLAINTIFFS' MOTION TO ALTER, AMEND, OR VACATE

Bank of America, N.A. ("BANA"), by and through its undersigned counsel of record, files its Opposition to Michael and Natalie Adams' "Motion to Alter, Amend, or Vacate" the Court's February 14, 2017 Order granting summary judgment in BANA's favor.

As set forth below, the Court should deny Plaintiffs' "Motion to Alter, Amend, or Vacate." The pertinent legal and factual allegations involved in this case were extensively briefed. The Court thereafter ruled in BANA's favor and disposed of the case. Nothing has changed since then that would require the Court to revisit its previous ruling.

### I.  Standard of Review

Although Plaintiffs do not explicitly state that they are seeking relief under Fed. R. Civ. P. 59(e), it is the only rule which provides authority to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e).

"'The only grounds for granting [a Rule 59(e)] motion are newly-discovered [previously

1

unavailable] evidence or manifest errors of law or fact.'" *In re Brickell*, 142 F. App'x 385, 391 (11th Cir. 2005) (quoting *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir. 1999) (alterations in original). "Rule 59(e) may not be used to relitigate a claim or to present arguments or evidence that could have been raised prior to the entry of judgment." *Id.* (citing *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000)). Indeed, "This high standard means that a party's disagreement with the court's decision, absent a showing of manifest error, is not reason enough for the court to grant a motion to alter or amend a judgment. *Pennington v. Colvin*, No. 3:12-CV-4191-SLB, 2014 WL 7178368, at *1 (N.D. Ala. Dec. 16, 2014) (citing *Jacobs v. Tempur–Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Having read [the] motion, we conclude that it did nothing but ask the district court to reexamine an unfavorable ruling.")).

In short, "The standard that must be met is a high one." *Pennington*, 2014 WL 7178368, at *1. "Ultimately, these strict rules are in place because '[r]econsideration of a previous order is an *extraordinary* remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Id.* (quoting *Sonnier v. Computer Programs & Sys., Inc.*, 168 F. Supp. 2d 1322, 1336 (S.D. Ala. 2001)) (emphasis in original).

## II. <u>Argument</u>

**A. Plaintiffs Do Not Address the Majority of the Court's Opinion**

As an initial matter, Plaintiffs only request narrow relief. Their motion exclusively challenges the Court's holding that a borrower may not bring a breach of contract claim based on HUD regulations incorporated into a mortgage. (*See* Doc. 41, ¶¶ 3 – 8). They do not challenge any other portion of the Court's ruling. (*See id.*). Accordingly, this Court should not reconsider its holdings as to the seven other counts that Plaintiffs brought against BANA, or the other components of Plaintiffs' breach of contract claim.

B.  **Plaintiffs' Motion is Simply an Attempt to Relitigate Their Breach of Contract Claim**

Out of the six substantive paragraphs within the Plaintiffs' motion, five are predominantly copied and pasted from Plaintiffs' Response to BANA's Motion for Summary Judgment. (*See* Doc. 41, ¶¶ 3 – 6, 8; *see also* Doc. 39). Thus, only one paragraph offers any meaningful, new content. (*See* Doc. 41, ¶ 7). And that paragraph simply discusses an opinion that the Alabama Court of Civil Appeals issued in April 2016—almost five months prior to Plaintiffs filing their Response. (*See id.*). As such, this motion is nothing more than Plaintiffs trying to relitigate their breach of contract claim by using arguments that were or could have been raised in their summary judgment briefing. *See In re Brickell*, 142 F. App'x at 391 (quoting *Mincey*, 206 F.3d at 1137 n.69).

A Rule 59(e) motion is not intended to permit a "second bite at the apple." *Williams v. Pettiford*, 238 F. App'x 459, 461 (11th Cir. 2007) (quoting *Mincey*, 206 F.3d at 1137 n.69). But that is exactly what Plaintiffs seek by parading the same arguments that this Court already rejected. (*See* Doc. 41, pp. 9 – 14). They do not offer any previously unavailable evidence or changes in the law such to demonstrate a manifest error by this Court. (*See* Doc. 43, ¶¶ 3 – 8). Rather, Plaintiffs' motion does "nothing but ask the district court to reexamine an unfavorable ruling." *See Jacobs*, 626 F.3d at 1344. Consequently, Plaintiffs have failed to meet the high standard of Rule 59(e) and are thus not entitled to relief under the same. *See Pennington*, 2014 WL 7178368, at *1 (quoting *Sonnier*, 168 F. Supp. 2d at 1336).

C.  **The Court Did Not Commit a Manifest Error of Law or Fact**

Putting aside the significant flaws of Plaintiffs' motion, there still exists no basis for finding that the Court's February 14, 2017 Order (Doc. 42) constitutes a "manifest error[] of law or fact." *See In re Brickell*, 142 F. App'x at 391 (quoting *Kellogg*, 197 F.3d at 1119).

From a legal perspective, the Court controverted no binding authority. Rather, the Court engaged in a detailed analysis of Alabama contract law to find that "Plaintiffs have no claim for a breach of contract predicated on [BANA's] purported failure to comply with HUD regulations." (Doc. 41, p. 12). It reached this conclusion by analyzing *Campbell v. Bank of America, N.A.*, 141 So.3d 492 (Ala. Civ. App. 2012), the only Alabama authority to squarely address Plaintiffs' argument. (*See* Doc. 41, pp. 10 – 12). In *Campbell*, the Alabama Court of Civil Appeals cited Maryland's court of last resort for the proposition that "a mortgagor 'may not advance, as an affirmative cause of action, a State law contract claim based on an asserted breach of the HUD regulations alluded to in his FHA form deed of trust.'" *Campbell*, 141 So. 3d at 497 (quoting *Wells Fargo Home Mortg., Inc. v. Neal,* 922 A.2d 538, 541 (2007)). As such, the Court did not create its ruling from whole cloth, but rather extracted it directly from Alabama authority. (*See* Doc. 41, pp. 10 – 12). Such a reasoned approach hardly qualifies as "manifest error."

Even Plaintiffs' best counterargument fails to demonstrate error by the Court. Plaintiffs attempt to characterize *Bates v. JPMorgan Chase Bank, N.A.*, 768 F.3d 1126 (11th Cir. 2014) as "mandatory precedent" that obliges the Court to rule in their favor. (Doc. 43, ¶ 4). Plaintiffs' argument is unavailing for multiple reasons. First, the Court previously considered, and rejected, this argument as it is directly lifted from Plaintiffs' Response to BANA's Motion for Summary Judgment. (Doc. 39, pp. 17, 22 – 23). Second, the holding in *Bates* was limited to Georgia law. *Bates*, 768 F.3d at 1131 – 32. In fact, the *Bates* Court noted that, based on its understanding and interpretation of a particular Georgia statute, "[W]e believe Georgia courts would hold that HUD regulations clearly referenced in a deed as conditions precedent to the power to accelerate and the power of sale could form the basis of a breach of contract action." *Id.* at 1132 (citing O.C.G.A. § 23–2–114). In other words, the *Bates* court was not issuing a sweeping holding pertaining to HUD

regulations and breach of contract claims, but rather, was simply giving its best interpretation of Georgia law. *See id.* Given that the *Bates* Court was not speaking to Alabama law, this Court was not bound to follow its holding. Accordingly, it in no way abused its discretion or committed a "manifest error."

Regarding questions of fact, the Court solely relied on evidence from the record to hold that BANA did not breach any HUD-related provision of the mortgage contract. In reaching this result, the Court found that BANA offered Plaintiffs two different loan modification agreements; attempted to meet face-to-face with Plaintiffs; and offered a number of other solutions, including a partial claim, short sale, and deed in lieu of foreclosure. (Doc. 41, p. 15). Plaintiffs point to no evidence to undermine these factual findings. (*See* Doc. 43, ¶ 8). Rather, Plaintiffs assert multiple inaccurate statements. They cite a legal requirement that does not exist[1]; incorrectly state that BANA "admitted that it failed to hold a face-to-face meeting" with Plaintiffs; and erroneously claim that BANA also admitted to not offering the Plaintiffs a deed in lieu of foreclosure, pre-foreclosure sale, or a partial claim. (Doc. 43, ¶ 8). Plaintiffs previously raised these contentions in its Response to BANA's Motion for Summary Judgment (Doc. 39, pp. 14 – 15), and BANA addressed each of them in its Reply Brief. (Doc. 40, p. 6). In short, Plaintiffs' contentions were unconvincing when they made them the first time, and they have offered nothing new to make the Court disturb its previous ruling.

### III. Conclusion

Plaintiffs have not demonstrated that they are entitled to the "*extraordinary* remedy" contemplated by Rule 59(e). *See Pennington*, 2014 WL 7178368, at *1 (quoting *Sonnier*, 168 F.

---

[1] Plaintiffs cite 24 C.F.R. §203.602 as requiring BANA to provide Plaintiffs with a copy of the 1997 publication *How to Avoid Foreclosure*. (Doc. 43, ¶ 8). This regulation has no such provision. *See* 24 C.F.R. §203.602.

5

Supp. 2d at 1336 (emphasis in original)). Consequently, BANA requests that the Court deny Plaintiffs' "Motion to Alter, Amend, or Vacate" (Doc. 43) and affirm its Order granting BANA's Motion for Summary Judgment. (Doc. 42).

Respectfully submitted this 24th day of March, 2017,

*/s/* J. Jackson Hill, IV
Brian A. Wahl
J. Jackson Hill, IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
bwahl@babc.com
jhill@babc.com
ATTORNEYS FOR BANK OF AMERICA, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2017, I served a copy of the foregoing via the Court's electronic filing system or by first-class U.S. mail, postage prepaid, where appropriate, to the following:

Kenneth J. Lay
HOOD & LAY, LLC
1117 22nd Street South, Suite 101
Birmingham, AL 35205
kenneth.j.lay@gmail.com
ATTORNEY FOR MICHAEL AND NATALIE ADAMS

*/s/* J. Jackson Hill, IV
OF COUNSEL