UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL ADAMS, et al., | } |
| Plaintiffs, | } |
| v. | } Case No.: 2:15-cv-01855-RDP |
| BANK OF AMERICA, N.A., | } |
| Defendant. | } |

## ORDER

This matter is before the court on Plaintiff's Motion to Alter, Amend, or Vacate. (Doc. # 43). In their Motion (Doc. # 43), Plaintiffs seek relief from the court's February 14, 2017 opinion and order (Docs. # 41, 42) and contend that the court erred in granting summary judgment for Defendant. The court conducted a hearing on this matter on April 10, 2017.

Rule 59 allows a party to move to alter or amend a judgment in a civil case. Fed. R. Civ. P. 59(e). *Serrano v. United States*, 411 Fed. Appx. 253, 254 (11th Cir. 2011) (citing Fed. R. Civ. P. 59(e)). "Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs v. Tempu-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). The moving party must do more than merely ask the court for a reevaluation of an unfavorable ruling. "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007), *cert. denied*, 552 U.S. 1040 (internal citations and quotations omitted). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "[W]here a party attempts to introduce previously unsubmitted evidence on a motion to

reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). "The decision to alter or amend a judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Lawson v. Singletary*, 85 F.3d 502, 507 (11th Cir. 1996) (quoting *Am. Home Assur. Co. v, Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)).

Plaintiffs' Motion (Doc. # 43) presents neither newly-discovered evidence nor manifest errors of law. Plaintiffs' Motion points to no new evidence, and instead makes two legal arguments: (1) Alabama law allows a private contract based cause of action for violation of HUD regulations, and (2) Defendant failed to comply with HUD regulations. (*Id.* at ¶¶ 3-8). However, Plaintiffs' summary judgment briefing relied extensively on these arguments (*see* Doc. # 39 at pp. 9-23), and the court rejected those same arguments in its memorandum opinion (*see* Doc. # 41 at pp. 7-16). Plaintiffs' Motion relies on *Bates v. JPMorgan Chase Bank, N.A.*, 768 F.3d 1126 (11th Cir. 2014) for the premise that a breach of contract claim exists for a violation of HUD regulations. As addressed in detail in the court's memorandum opinion (*see* Doc. # 41 at pp. 10-12), *Bates* relied on Georgia law in making such a determination. The court found that *Campbell v. Bank of America*, 141 So. 3d 492 (Ala. Civ. App. 2012) paints a different picture with regard to Alabama law, which is controlling in this case. While Plaintiffs' contend that the court misread *Campbell*, as well as the other authorities cited in their summary judgment briefing, the court disagrees. Similarly, while Plaintiffs argue in their Motion that Defendant failed to comply with HUD regulations, they present no new evidence of Defendant's alleged non-compliance. Plaintiffs' Motion seeks nothing more than to "relitigate old matters."

But this is not a case that is determined merely by the exacting standard of the current motion. The court concludes Plaintiffs' arguments miss the mark on their own merits. At the April 10, 2017 hearing on this matter, Plaintiffs argued that *Jackson v. Wells Fargo Bank, N.A.*, 90 So.3d 168 (Ala. 2012) supports their argument that Alabama law allows for contract based causes of action for violations of HUD regulations. However, Plaintiffs previously argued the importance of *Jackson* in their brief in opposition to Defendant's Motion for Summary Judgment. (*See* Doc. # 39 at p. 17). Accordingly, Plaintiff's citation to Jackson does not constitute "newly discovered evidence." *In re Kellogg*, 197 F.3d at 1119. In any event, the Alabama Supreme Court's decision in Jackson does not convince the court that its Memorandum Opinion stands on a "manifest error of law." *Id*. In *Jackson*, the mortgage form was a "Fannie Mae/Freddie Mac Uniform Instrument." 90 So.3d at 173. Paragraph 22 of the form required the defendant to give the plaintiffs at least 30 days' notice before acceleration that it was considering acceleration. *Id*. Because the defendant failed to do so, in direct contradiction to the stated language of the instrument, the court held that the trial court erred in disposing of the plaintiffs' breach of contract claim. *Id*.

This holding is neither remarkable nor in opposition to *Campbell*. Here, the mortgage contract does not lay out specific HUD provisions in its text, and instead states only that "[t]his Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary." (Doc. # 31-8 at p. 8). With this backdrop, the court's memorandum opinion examined *Campbell v. Bank of America, N.A.* for guidance with respect to Alabama law's application on the issue. 141 So.3d 492 (Ala. Civ. App. 2012). *Campbell* involved the same mortgage instrument as the one in this case, and its analysis parallels the relevant inquiries presented in this case. *Id*. at 496-98. Accordingly, while *Campbell* arose from a different

procedural posture, this court found *Campbell*'s reasoning, not *Jackson*'s, instructive in this matter. Nothing in Plaintiffs' Motion convinces the court otherwise.

For all these reasons, Plaintiff's Motion is due to be, and is, **DENIED**.

**DONE** and **ORDERED** this April 10, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE